NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURSHARAN SINGH,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-1690

Agency No.
A216-385-160

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2026[**]
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER, District Judge.[***]

Gursharan Singh, a native and citizen of India, seeks review of a decision from

the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration

Judge's ("IJ") denial of his applications for asylum, withholding of removal, and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Substantial evidence supports the agency's conclusion that Singh is not eligible for asylum because he has not established past persecution or an objectively reasonable fear of future persecution in India. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). There is no well-founded fear if the applicant "'could avoid persecution by relocating to another part of the applicant's country,' unless doing so would be unreasonable under the applicant's circumstances." *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.13(b)(2)(ii)).

Substantial evidence supports the agency's conclusion that Singh's experiences, even when aggregated, did not rise to the level of past persecution. *See Urias-Orellana v. Bondi*, 146 S. Ct. 845, 848 (2026) (holding that "the substantial-evidence standard" applies "to the agency's conclusion that a given set of undisputed facts does not constitute persecution"). Singh described two incidents where he was attacked by members of the Bharatiya Janata Party ("BJP") because he is a member of the rival Shiromani Akali Dal Amritsar ("Mann") political party. Following the

second incident which also included a verbal threat on his life, Singh sought medical care at a clinic. He, however, did not suffer any permanent injuries and received only specified "tablets" and an "injection." The BIA did not err in concluding that these incidents do not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (establishing that persecution is an "extreme concept that does not include every sort of treatment our society regards as offensive" (citation omitted)); *Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009) (holding that threats and beating by native Indonesians, without more, did not compel the conclusion of past persecution).

Substantial evidence supports the agency's conclusion that Singh did not establish a well-founded fear of future persecution because he failed to show that he could not safely and reasonably relocate within India to avoid the feared persecution. First, the agency reasonably concluded that BJP members likely would not seek him outside of Punjab. Singh was neither employed by, nor an officer of, the Mann Party; rather, he was a volunteer with limited involvement and responsibility. When Singh fled to his uncle's home in Panwar, he was able to avoid detection and lived without incident for two months. Second, it would be reasonable for Singh to relocate because the record demonstrates that he has years of formal education, speaks some English and Hindi, and was able to adjust to life in the United States and obtain a commercial driving license and transferable vocational skills. *See Singh v. Whitaker*,

914 F.3d 654, 661 (9th Cir. 2019). Third, Singh can safely relocate outside his own state of Punjab because its government is not controlled by the BJP.

2.    Because Singh has not established eligibility for asylum, he is necessarily "not eligible for withholding of removal, which imposes a heavier burden of proof." *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3.    Substantial evidence supports the agency's determination that Singh is not entitled to CAT protection. As to CAT relief, we consider "whether the alien is more likely than not to be tortured in the country of removal." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(4)). Singh was not persecuted, let alone tortured, in the past. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) ("Demonstrating torture requires a much greater showing of harm than demonstrating persecution." (citation omitted)). And even if he were, the record evidence fails to compel the conclusion that Singh would be unable to relocate within India to avoid torture. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020) (upholding the denial of protection under the CAT where the evidence demonstrated that the applicant could internally relocate within Mexico).

**PETITION DENIED.**